UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN EINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04016-JPH-MJD |
| | ) |
| DINKINS, | ) |
| MCGUFFY, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Motion for Leave to File Amended Complaint,
Screening Amended Complaint, and Directing Service of Process**

The plaintiff's motion for leave to file an amended complaint, dkt. [25], is **granted**. The **clerk is directed** to re-docket the proposed amended complaint at dkt. 25-1 as the second amended complaint. It is now the operative complaint in this action.

**I.
Screening Amended Complaint**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants. The original complaint alleged that the defendants were deliberately indifferent to the plaintiff's serious medical condition when he hit his head during an asthma attack. The amended complaint restates the same allegations raised in the original complaint and makes additional allegations against Christina Conyers who was dismissed as a defendant when the Court screened the plaintiff's first amended complaint.

The Court previously dismissed the plaintiff's claims against Christina Conyers for failure to state a claim because "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v.*

*Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). The first amended complaint did not allege that the plaintiff was still in need of medical care when he submitted his grievance so the Court concluded that he could not maintain a claim of deliberate indifference against defendant Conyers.

The proposed amended complaint includes an allegation that defendant Conyer's failure to properly address the plaintiff's grievances prolonged his pain and suffering. Dkt. 25-1 at 6. This allegation states an Eighth Amendment claim of deliberate indifference against defendant Conyers. Eighth Amendment deliberate indifference claims are already proceeding against defendants Dinkins and McGuffy.

## II.
## Summary and Service of Process

In sum, Eighth Amendment claims are proceeding against all defendants. This summary of claims includes all the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the second amended complaint, but not identified by the Court, he shall have **through July 16, 2020**, in which to identify those claims.

**The clerk is directed** 1) to add Christina Conyers as a defendant in this action, and 2) pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Christina Conyers electronically in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the second amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendants Dinkins and McGuffy have already appeared. They shall have 21 days to file a responsive pleading.

**SO ORDERED.**

Date: 6/30/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN EINES
988189
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to:

Christina Conyers (Employed at Pendleton Correctional Facility)

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Robert Lewis Yates
INDIANA ATTORNEY GENERAL
Robert.yates@atg.in.gov