UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIAN EINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04016-JPH-MJD |
| | ) | |
| DINKINS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Brian Eines, an Indiana prisoner, brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Eighth Amendment rights by denying him access to medical care when he overheated and hit his head. The defendants, Christina Conyers, Officer James McGuffey,[1] and Sergeant Tim Dinkins, seek summary judgment. Defendants Dinkins and McGuffey argue that Mr. Eines' condition was not serious and that they provided appropriate first aid. Defendant Conyers argues that she was not deliberately indifferent when she denied Mr. Eines' grievance regarding his medical care. Because there is no designated evidence from which a jury could find that the defendants were deliberately indifferent to Mr. Eines' condition, the defendants' motion for summary judgment, dkt. [37], is **granted.**

**I.**
**Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

---

[1] The complaint mistakenly refers to defendant James McGuffey as McGuffy. The **clerk is directed** to update the caption to reflect the correct spelling of Officer McGuffey's last name. Dkt. 37-2.

1

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II.
## Facts and Background

Mr. Eines suffers from asthma. He kept an inhaler in his cell and was routinely scheduled for breathing treatments and chronic care visits with health care providers. Eines Deposition, dkt. 37-1 at 14, 25, 26. On June 29, 2019, it was approximately 100 degrees in Mr. Eines' cell house. Around 10:00 or 10:30 a.m., he started feeling ill. *Id.* at 20. He was feeling short of breath and his

chest hurt, but he was not having an asthma attack. *Id*. at 17, 21. He remained seated "the whole time," but hit his head on the wall when he came close to fainting. *Id*. at 17-18, 22. He felt like he was experiencing a medical emergency. *Id*. at 24. He used his inhaler, but it did not help. *Id*. at 26. He told the inmate in the next cell that he needed help. Inmates around Mr. Eines started to bang on their cell bars and scream for an officer. Officer McGuffey came to Mr. Eines' cell "pretty quick," and Mr. Eines told Officer McGuffey that he was having trouble breathing, was not feeling good, and had hit his head and nearly fainted when he stood up. *Id*. at 18, 22-23. Mr. Eines asked to see medical. Officer McGuffey said "alright" and left. *Id*. at 18.

Mr. Eines' memory of the day's events is fuzzy, but Officer Mabrack[2] came to his cell at some point after Officer McGuffey left for the first time, but before Mr. Eines cut his head. *Id*. at 32. Then, about 45 minutes after Officer McGuffey first left, Mr. Eines hit his head again, *id*. at 18, causing a "small gash" on his forehead that started bleeding. *Id*. at 27-28.

Officer McGuffey came to Mr. Eines' cell and saw him bleeding. Officer McGuffey left and did not come back. *Id*. at 18-19. Officer McGuffey reported Mr. Eines' condition to his supervisor, Sergeant Dinkins. McGuffey Affidavit, dkt. 37-2 at 1. Sergeant Dinkins reported Mr. Eines' condition to the facility's infirmary and medical staff stated that Mr. Eines did not need to be seen immediately. Dinkins Affidavit, dkt. 37-3 at 2.

In the meantime, Officer Mabrack returned to Mr. Eines' cell about five minutes after Officer McGuffey left. Eines Deposition, dkt. 37-1 at 32, 35. Officer Mabrack gave Mr. Eines a rag to clean the blood from his head.[3] Officer Mabrack called the Sergeant on his radio and had

---

[2] The deposition transcript record's this officer's name as "Maverick," but Mr. Eines has referred to him as "Mabrack" throughout this litigation and so the Court adopts his spelling.

[3] The defendants produced video evidence and Mr. Eines disputes its authenticity. He asserts that the defendants have altered the video to remove footage of Officer Mabrack giving him a rag to control his bleeding. Dkt. 67. The Court previously reviewed the video and did not locate the

Mr. Eines cuff up to go to an observation cell before being seen by medical. *Id*. at 19, 33. But Sergeant Dinkins arrived and told Officer Mabrack to uncuff Mr. Eines because they were not taking him to medical. *Id*. at 19, 36. Dinkins arrived about 30-45 minutes after Officer McGuffey had left the cell for the second time. *Id*. at 34.

Mr. Eines testified at his deposition that Sergeant Dinkins told him that Sergeant Dinkins did not contact medical about Mr. Eines' condition. *Id*. at 37, 59. However, Mr. Eines based that testimony on Sergeant Dinkins' response to Mr. Eines' informal grievance which asked, "Why was I not given medical attention?" Dkt. 60 at 1. Sergeant Dinkins responded that "basic first aid was given, no it was life threating [sic] at this time." *Id*. Mr. Eines acknowledges that Sergeant Dinkins' response to the informal grievance intended to say that Mr. Eines' injuries were not life threatening. Dkt. 60 at 2. Sergeant Dinkins' response to the formal grievance confirmed this interpretation: "Basic first aid was given, it was not life threating [sic] at this time." Dkt. 25-2 at 1.

Sergeant Dinkins and Officer Mabrack brought Mr. Eines ice water, a bag of ice, and maybe a cold towel. They had him clean the blood off his head. Eines Deposition, dkt. 37-1 at 19. Mr. Eines used the rag to apply pressure to the cut on his head and it stopped bleeding within 15-20 minutes. *Id*. at 28. The ice and cold towel helped Mr. Eines feel better. *Id*. at 40. Later that day, he submitted a health care request form, but he was not seen for a week. *Id*.

Mr. Eines submitted a grievance about the incident on July 15, 2019, and was seen by medical staff the next day. Dkt. 37-4; dkt. 37-5. He was provided with a pain reliever for headaches

---

portion of the video in dispute. Dkt. 65. However, upon further review the Court agrees that the video skips eight seconds while Officer Mabrack is outside of Mr. Eines' cell. Mr. Eines moved for a status conference to resolve the video issue, but that motion, dkt. [67], is **denied as unnecessary**. On summary judgment, the Court accepts Mr. Eines' version of the facts, including his assertion that Officer Mabrack gave him a rag to place on his head because it was bleeding. Video of that exchange would not change the outcome the defendants' summary judgment motion.

during that health care visit. *Id*. Defendant Conyers, a grievance specialist and not a medical professional, rejected his grievance on July 19, 2019. Dkt. 37-4. Mr. Eines faults Ms. Conyers for preventing him from seeing an outside specialist.[4] *Id*. at 46.

Mr. Eines still gets headaches and has asked to see a chiropractor but has not been scheduled to see one. *Id*. at 47-48. The last time he submitted a health care request form about the issue was August 2019. *Id*. at 48.

### III.
### DISCUSSION

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need, meaning 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Thomas v. Blackard*, 2 F.4th 716 (7th Cir. 2021) (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (citation omitted)); see also *Estelle v. Gamble*, 429 U.S. 97 (1976). Thus, to survive summary judgment, Mr. Eines must show that he had an objectively serious medical condition and that the defendants were deliberately indifferent to his health or safety. *Jones v. Mathews*, 2 F.4th 607 (7th Cir. 2021).

"A significant delay in effective medical treatment [] may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*,

---

[4] Defendant Conyers' name is misspelled in the deposition transcript as "Conners".

604 F.3d 435, 441 (7th Cir. 2010). Importantly, however, "the plaintiff must show that the defendant's actions or inaction caused the delay in his treatment." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019) (citing *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("Under any theory, to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." (citation and internal quotation marks omitted))).

For the reasons explained below, there is no evidence that the defendants were deliberately indifferent to Mr. Eines' condition on June 29, 2019.

**B. Claims Against Dinkins and McGuffey**

Mr. Eines alleges that Sergeant Dinkins and Officer McGuffey violated his Eighth Amendment rights by denying him access to medical care on June 29, 2019, when he was experiencing trouble breathing and fell and hit his head. He argues that they should have ensured that he was treated by trained medical staff immediately. Dkt. 62 at 4.

The defendants dispute that Mr. Eines' condition constituted a serious medical condition because he had access to his inhaler, the cut on his head was small, and his condition resolved without medical intervention. Dkt. 38 at 7-8.

Mr. Eines reported his condition to Officer McGuffey both before and after he cut his head.[5] When Officer McGuffey first encountered Mr. Eines, Mr. Eines reported that he did not feel well, was having trouble breathing, and had hit his head and nearly fainted when he stood up. Eines Deposition, dkt. 37-1 at at 18, 22-23. Mr. Eines was not having an asthma attack but feeling

---

[5] Officer McGuffey's affidavit only acknowledges seeing Mr. Eines after Mr. Eines had cut his head. Dkt. 37-2. As Mr. Eines is the non-movant, the Court assumes for the purposes of summary judgment that Officer McGuffey spoke with Mr. Eines before Mr. Eines cut his head and that Officer McGuffey did not report Mr. Eines' condition to Sergeant Dinkins until after Mr. Eines cut his head.

faint and having trouble breathing due to the excessive heat that day. *Id*. at 17-18, 21-22. The Court assumes for the purposes of summary judgment that Mr. Eines' condition constituted a serious medical condition.

Mr. Eines has not designated evidence from which a jury could find that the defendants were deliberately indifferent to Mr. Eines' condition. Instead, the designated evidence shows that Officer McGuffey came to Mr. Eines' cell quickly when other inmates alerted him to a potential problem. Mr. Eines was not having an asthma attack and he did not appear to be in need of emergency medical attention at that time. Officer Mabrack visited Mr. Eines' cell to check on him within 45 minutes. When Officer McGuffey returned to the cell and saw that Mr. Eines had cut his forehead, Officer McGuffey notified the Sergeant. Officer Mabrack then returned to Mr. Eines' cell within five minutes, giving him a rag to stop his head from bleeding.

Officer McGuffey reported Mr. Eines' condition to Sergeant Dinkins and Sergeant Dinkins sought advice from medical staff who told him not to bring Mr. Eines to the infirmary. Instead, Sergeant Dinkins administered basic first aid by ensuring that Mr. Eines applied pressure to the cut on his head until it stopped bleeding. Sergeant Dinkins also provided Mr. Eines with ice because he was hot. Mr. Eines testified that these measures alleviated his condition. Mr. Eines completed a health care request form and was later evaluated by medical staff. Neither Sergeant Dinkins nor Officer McGuffey impeded Mr. Eines from accessing medical care. There is no evidence that the defendants believed that Mr. Eines' condition required an emergency medical response.

Mr. Eines believes that Sergeant Dinkins and Officer McGuffey did not contact medical staff. Dkt. 62 at 2. Sergeant Dinkins testified, however, that he did contact medical staff and was told that Mr. Eines' condition did not require an emergency response. Sergeant Dinkins' responses

to Mr. Eines' informal and formal grievances do not contradict this testimony. Mr. Eines has designated no other evidence to refute Sergeant Dinkins' testimony and Mr. Eines' lack of knowledge or speculation as to what Sergeant Dinkins did is not sufficient to create a triable issue. *See Skiba v. Ill. C. R.R. Co.*, 884 F.3d 708, 721-22 (7th Cir. 2018) (inferences supported only by speculation or conjecture will not suffice to defeat summary judgment).

Mr. Eines has not designated evidence showing that the defendants were responsible for medical staff's response to Sergeant Dinkins, that the defendants believed that an emergency signal was necessary, or that Mr. Eines' life was in danger. *See Jones v. Mathews*, 2 F.4th 607, 615 (7th Cir. 2021) (defendant was not deliberately indifferent where upon learning what was wrong, he sought medical attention on plaintiff's behalf); *Earl v. Racine Cty. Jail*, 718 F.3d 689, 692 (7th Cir. 2013) ("[T]he officer's prompt call to the nurse undermines any suggestion that he acted with the reckless or malicious intent required to sustain a deliberate-indifference claim.").

Accordingly, Sergeant Dinkins and Officer McGuffey are entitled to summary judgment on Mr. Eines' claim that they were deliberately indifferent to Mr. Eines' condition on June 29, 2019. *Jones*, 2 F.4th at 615; *Earl*, 718 F.3d at 692.

**C. Claim against Conyers**

Mr. Eines alleges that Ms. Conyers is liable for interfering with his request to be seen by an outside specialist. But Ms. Conyers cannot be held liable under the Eighth Amendment simply because she rejected Mr. Eines' grievance. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). In any event, Mr. Eines was seen by a nurse for his headache the day after he submitted his grievance and before Ms. Conyers rejected the grievance. Dkt. 37-4; dkt. 37-5. There is no designated evidence showing that Ms. Conyers ignored or impeded Mr. Eines' access to medical care. Further, Ms. Conyers is not a medical professional and could not have approved him to be

8

seen by an outside specialist. And her denial of Mr. Eines' grievances did not prevent him from

being seen by a nurse and requesting to be sent to an outside specialist during that examination.

Ms. Conyers is therefore entitled to summary judgment. *See Estate of Miller by Chassie v.*

*Marbury*, 847 F.3d 425, 428 (7th Cir. 2017).

## IV.
## CONCLUSION

For the reasons discussed above, the defendants' motion for summary judgment, dkt. [37],

is **granted**. Judgment consistent with this Order shall now issue. Mr. Eines' motion for status

conference, dkt. [67], is **denied as unnecessary**.

**SO ORDERED.**

Date: 8/31/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN MR. EINES
988189
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

W. Andrew Kirtley
INDIANA ATTORNEY GENERAL
andrew.kirtley@atg.in.gov

Robert Lewis Yates
INDIANA ATTORNEY GENERAL
Robert.yates@atg.in.gov